IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AQUIL K. CARR, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-1668 |
| | : | |
| PHILADELPHIA POLICE | : | |
| DEPARTMENT, | : | |
|     Defendant. | : | |

## MEMORANDUM

**RUFE, J.**                                                                                                           **June 9, 2021**

Plaintiff Aquil K. Carr filed this civil action using the Court's preprinted complaint form. Carr names as the Defendant the Philadelphia Police Department ("PPD"). Carr seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Carr leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**

Carr's Complaint is very brief. He has checked the "federal question" box on the form complaint to assert the basis for the Court's jurisdiction over his claim. (ECF No. 2 at 2.)[1] The only claim he asserts against the PPD, however, is one for "breach of duty of care." (*Id.*) He alleges that on April 7, 2019 he entered the 6th District police station because he was having a "mental episode." (*Id.* at 3.) He provided a statement to an unidentified police officer that lead to his arrest. (*Id.*) As a result of his experience, Carr alleges he endured pain and suffering, was deeply depressed and suicidal, and his mental condition was not stabilized until he was released

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

from the Philadelphia prison system and admitted into a psychiatric facility. (*Id.* at 4.) He seeks money damages.

A review of public records[2] reveals that Carr was arrested on April 7, 2019 and charged with arson, possession of an instrument of crime, simple assault, recklessly endangering another person, and criminal mischief. *See Commonwealth v. Carr*, CP-51-CR-0005838-2019 (C.P. Phila.) Carr appears to have been released on bond and those charges remain pending. *Id.*

## II.  STANDARD OF REVIEW

The Court grants Carr leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Carr is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

Because Carr indicates that he seeks to invoke the Court's federal question jurisdiction, the Court will interpret his "breach of duty of care" claim as one asserting a federal constitutional

---

[2] The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, Civ. A. No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006))

claim.  The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The only defendant Carr has named is the PPD.  Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, the Philadelphia Police Department is not a proper defendant in this case under § 1983 and must be dismissed.

Additionally, the United States Supreme Court has held that § 1983 claims may not be predicated on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). Thus, even if Carr had named as a defendant the unidentified police officer who allegedly breached a duty of care when he took Carr's statement, placed him in custody, and failed to provide Carr with mental health services, that claim of negligence cannot serve as the basis of a federal constitutional claim.[3]

---

[3] Because the Court has dismissed Carr's federal claims, to the extent the Complaint can be read to assert a state law claim for negligence, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Carr does not allege where he is domiciled, but asserts that he has a mailing address in Philadelphia. (ECF No. 2 at 1.) This suggests that he is a Pennsylvania citizen and, accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he may intend to pursue against a Pennsylvania defendant.

The PPD will be terminated as a Defendant, but the dismissal of Carr's Complaint will be without prejudice as the Court cannot say at this time whether Carr can assert a plausible claim for which the Court has jurisdiction. Carr may file an amended complaint if he can allege that the policies, customs, or practices of the PPD caused the claimed constitutional violation. Additionally, because the PPD sub-unit of the local government and cannot be named a defendant, if Carr does file an amended complaint, it should name the City of Philadelphia as the defendant instead of the PPD.

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Carr's Complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An appropriate Order follows.