IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AQUIL K. CARR, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-1668 |
| | : | |
| CITY OF PHILADELPHIA | : | |
|     Defendant. | : | |

**MEMORANDUM**

**RUFE, J.**                                                                                           **SEPTEMBER 15, 2021**

In a prior Memorandum and Order filed on June 9, 2021 (ECF Nos. 4, 5), the Court dismissed the Complaint filed by Plaintiff Aquil K. Carr without prejudice and with leave to file an amended complaint. Plaintiff has filed an Amended Complaint naming as the only Defendant the City of Philadelphia. For the following reasons, the Court will dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and allow Plaintiff to file a Second Amended Complaint.

**I.      FACTUAL ALLEGATIONS**

Plaintiff asserts that on April 6, 2019, he was experiencing an "episode" and a fire had accidently occurred at his apartment. (ECF No. 6 at 3.) He went to a Philadelphia police station seeking assistance because he was not feeling well. (*Id.*) There, Officer James T. Putro Jr. asked Plaintiff what was wrong and Plaintiff "explained there was a fire at my place of residence." (*Id.*) Putro allegedly confirmed the fire and continued to talk with Plaintiff. (*Id.*) The officer then

1

detained Plaintiff in a cell until he was questioned by a Fire Marshal named Robinson along with two detectives. (*Id.*) After questioning, Plaintiff was charged with arson and processed.[1] (*Id.*)

Plaintiff asserts that it was obvious that he was having a mental health crisis and required treatment and Officer Putro failed to render the necessary medical treatment or mental health services. (*Id.* at 4.) Plaintiff also asserts that certain directives require that a person with mental health issues should "never be transported to any police facility but will be taken to crisis response center (CRC) for evaluation/treatment." (*Id.*) Specifically, "[w]hen a police officer observes a person who they believe severely mentally disabled and in need immediate treatment," they are required to have the individual assessed by a "person on the Crisis Intervent[ion] Team (CII)." (*Id.*)

Plaintiff has checked the "Federal Question" box for jurisdiction on the *pro se* complaint form and characterized his allegations as a "Breach of Duty of Care." (*Id.* at 2).

## II.  STANDARD OF REVIEW

Because the Court has granted Plaintiff leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim upon which relief can be granted. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains

---

[1] As noted in the prior Memorandum, public records show that Carr was arrested on April 7, 2019 and charged with arson, possession of an instrument of crime, simple assault, recklessly endangering another person, and criminal mischief. *See Commonwealth v. Carr*, CP-51-CR-0005838-2019 (C.P. Phila.) Carr appears to have been released on bond and those charges remain pending. *Id.*

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).[2]

### III. DISCUSSION

The Court dismissed Plaintiff's original Complaint because the only defendant he named was the Philadelphia Police Department and the only claim he alleged was one for "breach of duty of care." (ECF Nos. 4, 5.) The Court informed Plaintiff that a police department, as a sub-unit of the local government, cannot be liable for constitutional violations under § 1983. *See e.g. Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)). The Order also stated that if Plaintiff filed an amended complaint, he had to identify all defendants in the caption and the body of the amended complaint and state the basis for each claim against each defendant. (ECF No. 5.)

Because Plaintiff checked the "federal question" box on the complaint form, the Court will screen his allegations to determine whether he has alleged a plausible claim for violation of his constitutional rights by Defendant, the City of Philadelphia, under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

---

[2] Although Plaintiff refers to a mental health "episode" in the Amended Complaint, he does not allege that he has ever been adjudicated incompetent or that he is unable to prosecute this action. "The Court has a duty to ensure that incompetent persons are properly represented." *Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 148 (3d Cir. 2021). It does not appear at this time that appointment of a representative is required under Federal Rule of Civil Procedure 17, but the Court will continue to assess the possibility in the event Plaintiff files a Second Amended Complaint. *See id.* at 151.

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Local governments like the City of Philadelphia can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 665-83 (1978). This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). Because there is no *respondeat superior* for municipal liability under § 1983, a claim against the City of Philadelphia based on the acts of its employee Putro is not plausible on that theory.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"

*Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the Defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and [Defendant's] failure, at least in part, led to [Plaintiff's] injury." *Id.* (internal quotations and alterations omitted).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

As the United States Court of Appeals recently stated,

> If the alleged policy or custom at issue is a failure to train or supervise (as it is here), the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339,357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights" — i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020)

Plaintiff's *Monell* claim against the City is not plausible because he has not alleged any injury caused by a custom or policy of the City of Philadelphia. To the contrary, Plaintiff alleges that the Officer failed to follow a policy. Moreover, Plaintiff has characterized his complaint as a

5

breach of duty of care, which is a negligence standard and not actionable under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

Construing Plaintiff's *pro se* Amended Complaint liberally, it appears that Plaintiff is alleging that Officer Putro, in his individual capacity, violated Plaintiff's Fourteenth Amendment Due Process rights by failing to provide medical care while he was in custody. To bring a constitutional claim for failure to provide medical care, a plaintiff must plausibly allege that officials acted with "deliberate indifference" to "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring immediate medical treatment or is one that is so obvious that even a lay person would clearly and easily recognize the necessity for a doctor's attention," *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citation and internal quotations omitted). An official acts with deliberate indifference when that official has "an actual, subjective appreciation of an excessive risk to inmate health or safety" and "consciously disregard[s] that risk," *Schieber v. City of Philadelphia*, 320 F.3d 409, 421 (3d Cir. 2003) (citation and internal quotations omitted).

The Amended Complaint does not plausibly allege that Officer Putro was deliberately indifferent to a serious medical need, as opposed to merely negligent. To state a constitutional claim, Plaintiff must allege sufficient facts to show that his condition and need for medical attention would have been obvious to a lay person, and that Officer Putro intentionally refused to

provide care. Therefore, Plaintiff's constitutional claims will be dismissed under § 1915(e)(2)(B), but Plaintiff may file a Second Amended Complaint.[3]

## IV. CONCLUSION

For the reasons explained above, the Court will dismiss Plaintiff's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be without prejudice and Plaintiff will be afforded an opportunity to file a Second Amended Complaint in accordance with this opinion. An appropriate Order follows.

---

[3] To the extent that Plaintiff's Amended Complaint may be read to assert state law negligence claims, it appears that the Court lacks jurisdiction because there is not complete diversity between parties, *see* 28 U.S.C. § 1332(a), and the Court declines supplemental jurisdiction under 28 U.S.C. § 1367(c). If Plaintiff chooses not to file a Second Amended Complaint, this dismissal is without prejudice as to any claims for negligence Plaintiff may have under state law.